# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael R. Whipple,<br><br>                    Plaintiff,<br><br>v.<br><br>Matthew Stenger, security counselor, Minnesota Sex Offender Program; Tony Hulke, security counselor, Minnesota Sex Offender Program; Thomas M. Andrews, security counselor lead, Minnesota Sex Offender Program; Michelle B. Untiedt, Minnesota Sex Offender Program; Jerry Yushta, Office of Special Investigator (OIS) Minnesota Sex Offender Program; Lori Pherson, security counselor, Minnesota Sex Offender Program; Michelle Bremer, security counselor, Minnesota Sex Offender Program; Chris Rysavy, security counselor, Minnesota Sex Offender Program; Bryan J. Abel, security counselor, Minnesota Sex Offender Program and is on the A-Team; Ryan R. Hulke, security counselor, Minnesota Sex Offender Program; Nathan Herme, security counselor, Minnesota Sex Offender Program; Kevin Graves, security counselor, Minnesota Sex Offender Program; Thomas Edwards, a PsyD, LP-Psychologist 3 MSOP (St. Peter site); Gary Grimm, Assistant Program Director MSOP (St. Peter site); Robert Elsen, a Behavior Analyst (BAII) MSOP (St. Peter site); Luke Moulder, a behavior Analyst (BAZ) MSOP (St. Peter site); Andrew Steel, security counselor, Minnesota Sex Offender Program; James Hickey, Officer of the Day (O.D.) MSOP (St. Peter site); Dennis Benson, former Chief Executive Officer of the Minnesota Sex Offender Program; Eric Thomas, Assistant Group Supervisor (St. Peter site); and David J. Stenger, security counselor, Minnesota Sex Offender Program,<br><br>                    Defendants. | Case No. 13-cv-2861 (JRT/HB)<br><br><br>**ORDER** and **REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Michael R. Whipple, a civil detainee at the Minnesota Sex Offender Program ("MSOP"), brought this action against MSOP officials raising multiple claims under 42 U.S.C. § 1983 and the Minnesota constitution. Whipple did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. [*See* Doc. No. 2]. That IFP application must be considered before any other action is taken in this matter.

After review of the IFP application, this Court concludes that Whipple qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still

must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Whipple alleges that, on July 31, 2009, he was involved in a fight with another MSOP detainee. (*See* Compl. ¶¶ 14-24 [Doc. No. 1].) That same day, Whipple was placed into protective isolation as a result of the fight. (*Id.* ¶ 25.) Conditions in protective isolation are considerably more restrictive than elsewhere at MSOP, with individuals in protective isolation only rarely permitted out of their rooms, not allowed to participate in programming, and forbidden from receiving visits, among many other limitations. (*Id.* ¶ 26.) The specific restrictions placed upon Whipple changed over time, but he remained in protective isolation, in one guise or another, through November 2009. (*Id.* ¶ 35.) Based on those allegations, Whipple raises a variety of challenges under § 1983 and the Minnesota constitution, including that (1) his due process rights were violated through his continued presence in protective isolation without mechanisms for him to challenge that continued enhanced detention; (2) the placement amounted to an unreasonable and therefore illegal seizure; and (3) he was denied access to legal counsel during that period. (*See id.* ¶¶ 59-81.)

Importantly, Whipple does not appear to contest his *initial* placement in protective isolation. Whipple acknowledges that he was in a fight with a fellow detainee, and nothing in the Complaint challenges the authority of MSOP officials to temporarily place detainees on restricted status upon a violation of the rules or during a criminal investigation. Indeed, Whipple seems to acknowledge, at least implicitly, that such temporary placement is permitted for up to 72 hours under the MSOP rules then in effect,

and he does not claim that this aspect of the MSOP rules violates the federal or Minnesota constitutions. (*See id.* ¶¶ 8, 52.)

But many of the individuals named as defendants to this action participated only in Whipple's initial placement in protective isolation in the immediate aftermath of the fight. Little is alleged about Defendants Matthew Stenger, Tony Hulke, Michelle B. Untiedt, Lori Pherson, Chris Rysavy, Bryan J. Abel, Ryan Hulke, Eric Thomas, and David J. Stenger other than that they were "involved in placing" Whipple in protective isolation and that some of those Defendants wrote incident reports following the fight. (*See id*. ¶¶ 14, 15-23.) But if the initial placement was lawful — and Whipple does not allege how it was unlawful — then it is difficult to see from the complaint what any of these Defendants did wrong. These Defendants were merely involved in breaking up the fight, restraining the participants, and effecting Whipple's immediate (lawful) restrictions. No viable claim has been pleaded against these individuals.

Slightly more is alleged of Defendant Thomas M. Andrews,[1] who placed the other assailant in handcuffs; Jerry Yushta, who conducted an investigation of the fight; Michelle Bremer, who assessed the medical condition of the other assailant after the fight; Nathan Herme, who restrained the other assailant during the fight; and Kevin Graves, who handcuffed Whipple following the fight. (*See id.* ¶¶ 15-16, 19, 22, 25.) Still, though, Whipple does not allege how any of these additional actions violated the law. For instance, Whipple does not allege that excessive force was used in breaking up

---

[1] The Complaint occasionally refers to an individual named "Andrew Thomas." (*See, e.g.*, Compl. ¶ 15.) Because there is no Defendant of this name listed in the Complaint, this Court presumes that Whipple is referring to Thomas M. Andrews.

the fight, or that the investigation of the fight was conducted in an unlawful manner. Again, no viable claim for relief has been stated against these Defendants. Finally, there are practically no allegations at all raised as to Defendant Andrew Steel.

None of the aforementioned Defendants were involved in the allegedly unlawful acts giving rise to the Complaint in this matter — Whipple's *continued* (as opposed to initial) placement in protective isolation without adequate due process protections and without access to his attorney. According to the Complaint, these Defendants' involvement in the case either ceased following the breakup of the fight or, at most, continued into the initial placement into protective isolation or assisting the investigation that followed (an initial placement and investigation that Whipple does not allege was unlawful). Indeed, some of the Defendants appear to have been involved only in providing *assistance* to one or both of the detainees involved in the fight. Accordingly, it is difficult to see why any of these Defendants were included in the litigation at all. This Court therefore recommends the dismissal of Defendants Matthew Stenger, Tony Hulke, Michelle B. Untiedt, Lori Pherson, Chris Rysavy, Bryan J. Abel, Ryan Hulke, Eric Thomas, David J. Stenger, Thomas M. Andrews, Jerry Yushta, Michelle Bremer, Nathan Herme, Kevin Graves, and Andrew Steel from this action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This recommendation of dismissal is *without* prejudice, however; if Whipple believes that he can allege facts showing that these Defendants violated his constitutional rights, he may file a motion to amend his complaint accordingly.

Whipple's IFP application will be granted with respect to the remaining Defendants: Thomas Edwards, Gary Grimm, Robert Elsen, Luke Moulder, James

5

Hickey, and Dennis Benson.[2] Because IFP status is being granted, Whipple is entitled to have the Defendants in this action served by the United States Marshal. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Marshal service cannot be accomplished at this time, however, because Whipple has not submitted the documentation needed for service of process. To cure this deficiency, Whipple must submit a properly completed Marshal Service Form (Form USM-285) for the defendant. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam) (noting that it is the pro se plaintiff's "responsibility to provide proper addresses for service on [the defendants]").[3] If Whipple does not satisfy this requirement within the next thirty days, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b). If Whipple does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal.

Based on the foregoing, and on all of the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED THAT** Defendants Matthew Stenger, Tony Hulke, Michelle B. Untiedt, Lori Pherson, Chris Rysavy, Bryan J. Abel, Ryan Hulke, Eric Thomas, David J. Stenger, Thomas M. Andrews, Jerry Yushta, Michelle Bremer, Nathan

---

[2] To be clear, granting Whipple IFP status does not preclude defendants from moving to dismiss this action for failure to state a claim upon which relief may be granted or any other reason.

[3] Marshal's Service Forms are available from the Clerk of Court upon request.

Herme, Kevin Graves, and Andrew Steel be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the foregoing, and on all of the files, records, and proceedings herein

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff Michael R. Whipple's application for leave to proceed *in forma pauperis* [Doc. No. 2] is **GRANTED** with respect to the claims against Defendants Thomas Edwards, Gary Grimm, Robert Elsen, Luke Moulder, James Hickey, and Dennis Benson.

2. Within thirty days after the date of this order, Whipple must submit a properly completed Marshal Service Form (USM-285) for Defendants Thomas Edwards, Gary Grimm, Robert Elsen, Luke Moulder, James Hickey, and Dennis Benson, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

3. If Whipple complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall mail a request for waiver of service to each defendant subject to service under Rule 4(e), (f), or (h) of the Federal Rules of Civil Procedure for whom a properly completed marshal service form is submitted. If a defendant subject to service under those provisions fails, without good cause, to sign and return the waiver, this court shall impose upon that defendant the expenses later incurred in making service. *See* Fed. R. Civ. P. 4(d). Each defendant not

    subject to service under Rule 4(e), (f), or (h) for whom a properly completed marshal service form is submitted shall be served in a manner otherwise consistent with Rule 4.

4.     A copy of this order shall be served together with the summons and Whipple's complaint.

Dated: June 20, 2016             s/ *Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.