# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL R. WHIPPLE, | |
| Plaintiff, | Civil No. 13-2861 (JRT/HB) |
| v. | |
| THOMAS EDWARDS, a PsyD, LP-Psychologist 3 MSOP (St. Peter site); GARY GRIMM, Assistant Program Director MSOP (St. Peter site); ROBERT ELSEN, a Behavior Analyst (BAII) MSOP (St. Peter site); LUKE MOULDER, a Behavior Analyst (BAZ) MSOP (St. Peter site); JAMES HICKEY, Officer of the Day (O.D.) MSOP (St. Peter site); and DENNIS BENSON, former Chief Executive Officer of the Minnesota Sex Offender Program, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Michael R. Whipple, MSOP No. 209714, 1111 Highway 73, Moose Lake, MN 55767, *pro se* plaintiff.

Anthony R. Noss, **MINNESOTA ATTORNEY'S GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Plaintiff Michael R. Whipple brought this action against numerous Defendants related to his civil commitment to the Minnesota Sex Offender Program ("MSOP"), alleging a number of violations of his state and federal constitutional rights. Defendants brought a motion to dismiss, and U.S. Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R") recommending that all but one of Plaintiff's claims be

dismissed. Both parties filed objections to the R&R. For the reasons stated below, the Court will sustain Defendants' objections, overrule Plaintiff's objections, adopt the R&R, and dismiss Whipple's Complaint in whole.

## BACKGROUND

The facts of this case were described at length in the R&R, which the Court hereby incorporates by reference. (R&R, Jan. 14, 2019, Docket No. 49.) Accordingly, the Court will only discuss facts pertinent to the parties' objections.

## I.  FACTUAL BACKGROUND

Whipple is involuntarily civilly committed to the MSOP. (Compl. ¶ 7, Oct. 17, 2013, Docket No. 1.) In July 2009, Whipple was involved in a fight in the MSOP facility. (*Id.* ¶¶ 14-15.) As a result of this fight, Whipple was handcuffed, subjected to a pat-search and a metal-detecting wand search, and taken to the facility's High Security Area ("HSA"). (*Id.* ¶ 21.) Once he arrived at the HSA an unnamed MSOP security counselor informed Whipple that he would have to undergo a strip search if he wanted to have the handcuffs removed. (*Id.*)

As a result of the fight, Whipple was placed on Administrative Restriction ("AR"). (*Id.* ¶ 26.) While on AR, Whipple was only permitted to be outside his cell for thirty minutes per eight-hour shift. (*See id.*) In addition, Whipple was not allowed to receive visitors or participate in therapeutic programming. (*Id.*) The AR was modified in August 2009, but the aforementioned restrictions were not affected. (*Id.* ¶¶ 27-28.) Whipple remained on AR when transferred to a new facility in November 2009. (*Id.* ¶ 31.)

## II.     PROCEDURAL BACKGROUND

Whipple brought this action in October 2013.  (*Id.*)  Whipple asserts claims including violation of the Due Process Clause of the Fourteenth Amendment, unreasonable search in violation of of the Fourth Amendment, unreasonable seizure in violation of the Fourth Amendment, denial of access to legal counsel in violation of the Sixth Amendment, and violation of the First Amendment right to free association.  (Compl. ¶¶ 34, 36, 45, 59–81.)

When Whipple brought this action, the MSOP was already in the midst of litigation.  In 2011, a class of individuals civilly committed to the MSOP challenged the MSOP as facially unconstitutional and alleged that various MSOP policies violated their constitutional rights.  *See generally Karsjens v. Jesson*, Civ. No. 11-3659 (DWF/JJK), 2015 WL 420013 (D. Minn. Feb. 2, 2015).  Pertinent to this case, Count X of the *Karsjens* complaint alleged that the MSOP's practice of searching those civilly committed to the MSOP violated the Fourth Amendment.  *Id.* at *17.  Because the District Court had certified a class in the *Karsjens* litigation consisting of all individuals civilly committed to the MSOP, and because some of the claims brought by Whipple in this case were also at issue in *Karsjens*, this case was stayed pending the ultimate resolution of *Karsjens*.  (Fourth Am. Order at 29, June 30, 2017, Docket No. 46.)

The *Karsjens* litigation eventually proceeded to a bench trial and, because there were thirteen separate claims, the trial was broken down into two phases.  *Karsjens v. Piper*, 336 F. Supp. 3d 974, 979 (D. Minn. 2018).  In July 2015, the District Court found for the class plaintiffs on the "Phase One" claims, which considered only whether the

MSOP was unconstitutional on its face and whether the MSOP was unconstitutional as applied. *Id.* Even though the Court's Phase One rulings were appealed by the defendants, the Court lifted the stay in this case in April 2016, reasoning that "it is unlikely that the claims in [this case] will be affected by the Eighth Circuit's ultimate ruling in the *Karsjens* claims on appeal." (Order Lifting Stay, Apr. 14, 2016, Docket No. 10.) With the stay lifted, Defendants in this case brought Motions to Dismiss Whipple's complaint. (Mot. to Dismiss, Sept. 7, 2016, Docket No. 17; Mot. to Dismiss, Oct. 13, 2016, Docket No. 26.)

On January 3, 2017, the Eighth Circuit Court of Appeals reversed the District Court's constitutional findings. *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017). In May 2017, the Court issued an order staying *Karsjens* in its entirety and recommended that any cases in the District of Minnesota which raised substantially similar claims also be stayed until he decided the remainder of the *Karsjens* claims. (Fourth Am. Order at 30.) This Court followed this recommendation and, in June 2017, stayed all pending cases sufficiently related to *Karsjens*, including Whipple's case. (*Id.* at 31.)

In August 2018, the District Court dismissed each of the remaining *Karsjens* claims. *See Karsjens*, 336 F. Supp. 3d at 998. Accordingly, the Court dismissed the *Karsjens* litigation in its entirety, *id.*, and the stay in Whipple's case was lifted in October 2018. (Order Lifting Stay at 13, October 22, 2018, Docket No. 47.) Thereafter, the Magistrate Judge issued an R&R on the Defendants' motions to dismiss. (R&R.) The Magistrate Judge recommended that all Defendants except for Dennis Benson and Gary Grimm be dismissed without prejudice. (R&R at 2.) As to Benson and Grimm, the Magistrate Judge further recommended dismissal of all claims against them except Whipple's Fourth

Amendment strip search claim against them. (*Id.*) As a result, the recommendation currently before the Court is that only the claim "that Benson and Grimm violated Plaintiff's constitutional rights through the creation and implementation of an unlawful policy authorizing unreasonable unclothed visual searches of MSOP clients" be allowed to go forward. (*Id.*) Both parties objected to the R&R. (Defs.' Objs., Jan. 25, 2019, Docket No. 51; Pl.'s Objs., Feb. 1, 2019, Docket No. 53.) The Court will address the Parties' objections in turn.

## DISCUSSION

### I.     STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); accord D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.    PLAINTIFF'S OBJECTIONS

Whipple makes several objections to the R&R.  Because his objections merely restate arguments that were presented to and considered by the Magistrate Judge, they will be reviewed for clear error.

### A. Procedural Due Process

Whipple first argues that his procedural due process rights were violated when he was placed in the HSA without a hearing.  (Plaintiff's Obj. at 1.)  The Magistrate Judge recommended dismissal because, even assuming Whipple had a protected liberty interest in less-restrictive conditions outside the HSA, he was given all the procedural protections that he was due.  The Magistrate Judge found that restraining and isolating Whipple following the altercation was reasonably necessary and that sufficient procedural protections existed, such as notice and the requirement that an MSOP official periodically review the HSA placement.  These findings are not clearly erroneous.

Whipple argues that the Magistrate Judge erred by focusing on whether being placed in the HSA should be deemed punishment and by failing to consider whether he has a protected liberty interest at stake.  (*Id.* at 3.)  However, the R&R clearly states: "this Court assumes, without deciding, that Whipple had a liberty interest in the less-restrictive conditions imposed outside the HSA."  (R&R at 13.)  Just because the Magistrate Judge did not ultimately decide this issue does not mean it was not considered.  Whipple's "alternative argument for the source of his liberty interest," (*id.*), is similarly unavailing.  The Magistrate Judge determined that there was no violation of Whipple's due process rights even if he had a liberty interest.  This conclusion is not clearly erroneous.

Whipple goes on to argue that "[b]ecause Magistrate Judge Bowbeer did not find that plaintiff alleged a protected liberty interest, the R&R does not address what process is due to Plaintiff." (Plaintiff's Obj. at 4.) This objection again misunderstands the R&R, which assumed that he had alleged a protected liberty interest. Furthermore, and contrary to Whipple's assertion, the R&R fully and clearly assessed the process that was due to him following the July 2009 fight, before his extended HSA placement, and during his HSA placement. (R&R at 14–18.) Plaintiff offers numerous instances in which he claims he was denied due process, but these discrete examples were considered by the Magistrate Judge, and her conclusions regarding them were not clearly erroneous. As such, the Court will adopt this section of the R&R and dismiss the Whipple's procedural due process claim.

**B. Fourth Amendment Claims**

Whipple makes a variety of arguments that his strip search and detainment in the HSA were in violation of the Fourth Amendment. In the R&R, the Magistrate Judge drew a distinction between Whipple's Fourth Amendment claims: (1) that the strip search conducted by MSOP officials constitutes an unreasonable search under the Fourth Amendment, and (2) that his ongoing confinement in the HSA constituted an unreasonable seizure in violation of the Fourth Amendment. The Magistrate Judge recommended allowing the former claim to proceed, but only against Defendants Benson and Grimm, and recommended that the latter claim be dismissed. Whipple objects to the Magistrate Judge's conclusions on both claims.

Whipple's objections regarding the strip search are confusing considering the R&R recommends this claim proceed. Indeed, his objections seem to respond to Defendants'

arguments and not to the R&R's conclusions. As such, the Court will overrule these objections.

The Court also finds that the Magistrate Judge did not clearly err in concluding that Plaintiff's confinement in the HSA did not violate the Fourth Amendment. The Magistrate Judge reasonably concluded that Plaintiff had sufficient procedural protections during his stay in the HSA, and evidence supports her conclusion. MSOP policies require that the Administrative Restriction be lifted when the investigation is complete or at any time at the discretion of the MSOP Assistant Director or Program Manager. (Aff. of Marsha Eldot Devine ¶ 2, Ex. A at 5-6, Sept. 7, 2016, Docket No. 20-1.) Additionally, the Administrative Restriction was subject to weekly review by the MSOP Assistant Director or Program Manager, a process which required the reviewer to consider "whether the reasons for Administrative Restriction still exist," among other things. (*Id.* at 4-5.) Based on the reasonableness of these procedural protections in relation to the conditions to which he was subjected, the Magistrate Judge did not clearly err in concluding that Plaintiff's Fourth Amendment claim related to his confinement in HSA should be dismissed.

### C. First Amendment Claim

Whipple next asserts that his First Amendment right to freedom of association was violated when he was in the HSA because he was denied the opportunity to participate in MSOP programming and could not have visitors. (Plaintiff's Obj. at 9.) The Magistrate Judge recommended this claim be dismissed because the restriction is related to a legitimate institutional interest under the *Turner* approach to infringements on the

constitutional rights of civil detainees. (R&R at 28 (citing *Turner v. Safley*, 482 U.S. 78, 95-96 (1987)).)

The First Amendment claim was briefly referenced by Whipple in his complaint, was not listed as a formal count, and received mere passing reference in Whipple's briefings. (Pl.'s Mem. Opp. at 9, Oct. 19, 2016, Docket No. 33 ("Plaintiff has stated an actionable 1983 claim based on his First Amendment right to freedom of association . . ." ).) Now, Whipple for the first time attempts to flesh out this argument. However, courts will not consider arguments raised for the first time in objections to R&Rs. *See e.g. Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quoting *Hammann v. 1-800 Ideas.com, Inc.*, 455 F.Supp.2d 942, 947-48 (D. Minn. 2006)) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge.") Thus, the Court will not consider Whipple's argument, will overrule the objection, and will adopt the R&R as to Whipple's First Amendment claim.[1]

### D. Substantive Due Process Claim

Finally, Whipple argues that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), establishes an objective standard to determine when institutional policies are unreasonable when evaluating a substantive due process claim.

---

[1] Even if the Court considered the argument, it would find that the Magistrate Judge did not clearly err in concluding that the freedom of association claim should be dismissed. Under the modified *Turner* approach, it is clear that any impingement on Whipple's First Amendment rights was reasonably related to serving a valid institutional purpose, namely to protect other clients and to allow the altercation to be investigated.

By implication, Plaintiff argues that the Magistrate Judge failed to apply this standard in issuing the R&R.  This argument is flawed in several respects.

As an initial matter, Whipple did not clearly raise this argument before the Magistrate Judge, meaning it is a new argument that the Court need not consider.  *See Ridenour*, 679 F.3d at 1067.  The closest Whipple came to making this argument before the Magistrate Judge was the inclusion of two identical parentheticals in his briefs stating that Eight Circuit cases "appl[ied] the Fourteenth Amendment's objective reasonableness standard to excessive force claims brought by civilly committed SVPs."  (Pl.'s Mem. Opp. at 18–19; Pl.'s Reply at 16, Nov. 23, 2016, Docket No. 39.)

However, given Whipple's pro se status and that some attempt was made to present this issue to the Magistrate Judge, the Court will consider Whipple's objection. Nevertheless, Whipple's objection fails because he has not explained where in the R&R the Magistrate Judge applied a subjective standard, nor has he explained how the supposed application of an incorrect standard affects the outcome.  To the contrary, the Magistrate Judge applied the same objective standard that Whipple argues should be applied.  The Magistrate Judge noted that Whipple did not allege any specific violations of substantive due process, but even if he had, the Magistrate Judge concluded that such alleged violations would not be "shocking to the contemporary conscience."  (R&R at 31, citing *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007).)  The Magistrate Judge did not err in this conclusion.  As noted in the R&R, Plaintiff was given access to food and medical care, was allotted daily time outside his cell, and had access to his property.  As such, Whipple has failed to allege anything that would amount to a denial of substantive due

process.  The Court will overrule Whipple's objection and adopt the R&R as to his substantive due process claim.

## III.    DEFENDANTS' OBJECTIONS

Defendants' main objection is that the Magistrate Judge failed to consider the preclusive effect of Judge Frank's final decision in *Karsjens* in recommending that Whipple's Fourth Amendment strip search claim proceed.  Specifically, Defendants argue that the doctrine of issue preclusion bars Whipple from litigating his Fourth Amendment claim.

Although Defendant's issue preclusion argument is technically a new argument that would typically be improper to raise in an objection, the argument is based on an intervening change in law, namely the final decision of the *Karsjens* case.  The briefing on the present motions to dismiss was complete in November 2016, and the District Court's final *Karsjens* decision was issued in August 2018. Thus, Defendants could not have made this argument when submitting their briefs on the motion to dismiss and the Court will consider it now.  *Cf. Ocello v. City of New York*, 2008 WL 2827424, (E.D.N.Y. 2008) ("Reconsideration is also appropriate in light of an intervening change in controlling law. . . ).   In the Eighth Circuit, issue preclusion applies when the following five elements are met:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the

determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (quoting *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997)).

Regarding the first element, the Court concludes that Whipple was a party to the *Karsjens* case. Although Whipple was not a named plaintiff, he was a member of the *Karsjens* class, which included all individuals civilly committed to the MSOP's Moose Lake facility , and "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Federal Reserve Bank*, 467 U.S. 867, 874 (1984).

Whipple's Fourth Amendment claim also satisfies the second element of issue preclusion, because it was also at issue in *Karsjens*. *Karsjens*, 336 F. Supp. 3d at 994-96. Not only was a Fourth Amendment claim generally present in *Karsjens*, but the specific practice that Whipple alleges violated his Fourth Amendment rights was raised and addressed in *Karsjens*. (*See* Civil No. 11-3659, 3d Am. Compl. ¶¶ 318, 320, Oct. 28, 2014, Docket No. 635 ("As part of their practices and policies, Defendants cause strip searches to be conducted on Plaintiffs and Class members every time they leave the secure perimeter even though Plaintiffs and Class members are always accompanied by MSOP staff.").); *see also Karsjens*, 336 F. Supp. 3d at 995–96.

Third, the issue of the constitutionality of the strip search policy was litigated in *Karsjens*, satisfying the third element. The *Karsjens* opinion notes the arguments offered by both sides regarding the constitutionality of the search policies. *Karsjens*, 336 F. Supp.

3d at 995–96.  Furthermore, the strip search policy was covered extensively by the parties during discovery.  Additionally, expert witnesses weighed in on the appropriateness of the policies at trial. *See id.* at 991.  There is no credible argument that the constitutionality of the search policies was not at issue in *Karsjens*.

Fourth, the issue that Whipple seeks to litigate in the present case was determined by a valid and final judgment.  The issue of the constitutionality of the search policy, as discussed above, was addressed in the District Court's opinion in *Karsjens*.  Judgment was entered on August 25, 2018.  (Civil No. 11-3659, J., August 25, 2018, Docket No. 1109.) Although the class plaintiffs appealed to the Eighth Circuit Court of Appeals, their appeal "is limited to the District Court's dismissal of Counts III, V, VI, and VII."  (Civil No. 11-3659, Notice of Appeal at 2, Oct. 24, 2018, Docket No. 1118.)  Those four counts involve Fourteenth Amendment claims, and the class plaintiffs' Fourth Amendment claim, Count X, was not appealed.  However, even if it had been appealed, the Court would still hold that a valid, final judgment was reached, since "the pendency of an appeal does not suspend the operation of an otherwise final judgment as . . . collateral estoppel." *In re Ewing*, 852 F.2d 1057, 1060 (8ᵗʰ Cir. 1988) (citation omitted).

Finally, the fifth element of issue preclusion is satisfied.  As discussed by the District Court in the *Karsjens* order, the determination that the search policies did not violate Plaintiffs' Fourth Amendment rights was essential to the judgment, in fact it is the only reason Judge Frank dismissed the Fourth Amendment claim.  As such, all five elements of issue preclusion are satisfied in the current case.  Defendants' objection to the R&R is sustained because Plaintiff is barred from re-litigating the constitutionality of the search

policies. The Court will reject the R&R as to this issue and dismiss Whipple's Fourth Amendment strip search claim.

## CONCLUSION

Since the Magistrate Judge did not clearly err in finding that most of Whipple's claims should be dismissed, the Court will overrule Plaintiff's objections and adopt the R&R as to those claims. However, because the District Court's final decision in *Karsjens* precludes Whipple from litigating his Fourth Amendment claim as to the strip searches, that claim should also be dismissed. As such, Defendants' objection will be sustained, and the R&R will be rejected as to that claim.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Objections to the Magistrate's Report and Recommendation [Docket No. 53] are **OVERRULED;**

2.  Defendants' Objection to the Report and Recommendation [Docket No. 51] is **SUSTAINED**;

3.  The Magistrate Judge's Report and Recommendation [Docket No. 49] is **ADOPTED in part and REJECTED in part** as described herein;

4.  Defendants' Motions to Dismiss [Docket Nos. 17 and 26] are **GRANTED**; and

5.  Plaintiff's action is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  March 25, 2019                              _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    Chief Judge
                                                    United States District Court